## CIRCUIT COURT OF FAIRFAX COUNTY

John F. Mardula

v.

Shamshiry, Inc., et al.

Case No. (Chancery) 155534

April 22, 1999

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on March 26, 1999, on defendant Abbas Atash Sobh's Demurrer to the Amended Bill of Complaint. Following the presentation of authorities and argument by counsel, I took the Demurrer under advisement. Thereafter, Mr. Mardula provided me with additional authority by way of his March 26, 1999, letter. As reflected below, the Demurrer is sustained in part and overruled in part.

The Demurrer to the Amended Bill of Complaint based on Complainant's standing is overruled. I find that the Complainant has standing to bring this action.

The Demurrer to the Amended Bill of Complaint based on allegations of fraud is sustained with leave to amend. The claims of fraud (as distinguished from claims of failure to comply with corporate obligations, conversion, breach of fiduciary duty, etc.) are not sufficiently specific as pleaded.

The Demurrer to the Amended Bill of Complaint based on oppressive conduct by the Defendants toward the Complainant is sustained on the grounds that the remedies sought are unavailable. The only remedy available for such conduct is dissolution of the corporation. See *Giannotti v. Hamway*, 239 Va. 14 (1990), and Va. Code § 13.1-747. Any amendments to the

Amended Bill of Complaint shall delete the claim of oppression or seek dissolution as an additional remedy.

The Demurrer to the Amended Bill of Complaint based on injury to the corporation, transfer of stock, and request for an accounting is overruled.

The Demurrer to the Amended Bill of Complaint based on the claim for attorney's fees in Count III is overruled with leave to amend. Although § 13.1-672.5 of the Code of Virginia allows recovery of attorney's fees by a complainant in a successful derivative action suit, it is unclear here that Count III is such an action. (It is similarly unclear that Count II is a derivative claim, despite Mr. Mardula's March 26, 1999, letter to that effect.)

August 4, 1999

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the Court on Defendants' Plea in Bar and Demurrers. The issues presented on the Plea in Bar are whether Plaintiff is a proper shareholder pursuant to the security interest in the stock or the stock transfer agreement and whether Plaintiff may bring a claim under Virginia Code § 18.2-499. The issues raised on demurrer are whether Plaintiff has pleaded a cause of action under Virginia Code § 18.2-499, whether derivative and personal claims are properly pleaded and whether derivative claims are properly pleaded without requesting dissolution of the corporation as relief. After considering the issues and reviewing the pleadings, the Court denies the Plea in Bar without prejudice and sustains the demurrers, in part with leave to amend and in part without leave.

## I. *Pleas in Bar*

Defendants allege that Plaintiff is not a proper shareholder in Shamshiry, Inc., and should not be allowed to bring this action as a result. For the reasons set out below, the Plea in Bar is denied without prejudice to allow the Defendants to raise the issues again at trial.

According to the parties' stipulation of facts, Plaintiff relied on the waiver of notice provision contained in the Security and Pledge Agreement between himself and Irani to conduct a private sale of the shares of Shamshiry stock without notice. However, in *Woodward v. Resource Bank*, 246 Va. 481 (1993), the Supreme Court held that the notice provisions of Virginia Code § 8.9-504(3) may not be waived before the occurrence of a default. In this case, Plaintiff relies on a waiver that was signed one and a half years before

the default. As such, the transfer pursuant to the Security and Pledge Agreement is invalid.

Plaintiff also entered into a Stock Transfer Agreement with Irani in October 1998. By the terms of that agreement, the certificates were transferred to Plaintiff at that time. Defendants argue that the shares of stock are restricted; however, Virginia Code § 13.1-649 provides that a restriction on the transfer or registration of transfer of shares is valid and enforceable against the holder or transferee only if the restriction is conspicuously on the front or back of the certificate. Additionally, the restriction can be enforced against a holder who has knowledge of the restriction.

In this case, the Court is not satisfied that the Defendants have met their burden. The shares of stock attached to the Bill of Complaint do not contain conspicuous restrictions. Additionally, it has been alleged that Plaintiff knew of the restrictions but the evidence is insufficient at this time to sustain a Plea in Bar. Defendants shall be allowed to raise this issue at trial, but at this time, the Plea in Bar is denied.

Defendants' Plea in Bar to Virginia Code § 18.2-499 will be discussed below with the demurrer to the same count.

## II. *Demurrers*

Defendants demur based upon the combination of personal and derivative claims in the Bill of Complaint, the failure to request dissolution of the corporation as a remedy, and failure to state a claim under Virginia Code § 18.2-499. For the following reasons, the demurrers are sustained.

In order to properly bring a derivative action with an action for personal damages, Plaintiff must specify which claims are personal and which claims are derivative in order to provide the Defendants with notice of the claims against them. In this case, Plaintiff has alleged that this action is being brought by himself and the corporation, yet some of the requested relief is exclusive to the Plaintiff and some is exclusive to the corporation. Plaintiff also noted during oral argument that some of the personal claims are "surplusage." The Plaintiff must clarify and specify which claims are purely derivative. Once these counts are specified, Plaintiff can also properly allege the counts upon which he bases the prayer for attorney's fees under Virginia Code § 13.1-672.5. The Demurrer is sustained on this issue with leave to amend within twenty-one days from the date of this letter, or the claims shall be deemed dismissed.

Additionally, Defendants argue that Plaintiff must seek dissolution of the corporation in his prayer for relief under Virginia Code § 13.1-747. In his letter opinion of April 22, 1999, the Honorable Robert W. Wooldridge ruled

that "the demurrer based on oppressive conduct by the Defendant toward the Complainant is sustained on the grounds that the remedies sought are unavailable. The only remedy available for such conduct is dissolution of the corporation. Any amendments to the Amended Bill of Complaint shall delete the claim of oppression, or seek dissolution as an additional remedy."

The Second Amended Bill of Complaint deletes the word "oppression" but still alleges the underlying facts to support a finding thereof. Under Virginia Code § 13.1-747, the exclusive remedy upon a finding of "illegal, oppressive, or fraudulent" conduct in a derivative action is dissolution of the corporation. *Giannotti v. Hamway*, 239 Va. 14 (1990). Illegality and fraud are specifically alleged in the bill, in addition to facts to support oppression. The Demurrer is sustained on this issue with leave to amend within twenty-one days of this letter to add a prayer for the exclusive remedy of dissolution, or delete allegations of illegality, fraud, and oppression. Failure to do so will result in the dismissal of the claims.

Finally, Defendants demur to Count VII of the Bill of Complaint which alleges conspiracy to injure the Plaintiff in his trade or business. There must be at least two persons to form a conspiracy. The agents of the corporation are treated as the same "person" as the corporation when acting within their scope of employment. Therefore, "a conspiracy between a corporation and the agents of that corporation who are acting in the scope of their employment is a legal impossibility." *Selman v. American Sports Underwriters*, 697 F. Supp. 225, 238 (1988). The Demurrer is sustained on Count VII without leave to amend.